935 F.2d 272
 UNPUBLISHED DISPOSITION
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff/Appellee,
v.
Donald E. GANAWAY, Defendant/Appellant.
 No. 90-1180.
 United States Court of Appeals, Seventh Circuit.
 Submitted May 29, 1991.*
Decided June 7, 1991.
 
 Before CUMMINGS, POSNER and MANION, Circuit Judges.
 
 ORDER
 
 1
 After a bench trial the district court found Donald Ganaway guilty of distribution of less then 500 grams of cocaine in violation of 21 U.S.C. Sec. 841(a)(1), and using and carrying a firearm during and in relation to a drug trafficking offense in violation of 18 U.S.C. Sec. 924(c).[1] On direct appeal, Ganaway challenges his conviction and sentence for the firearm offense on the ground that the government failed to adduce sufficient evidence to support a conviction for carrying a firearm in relation to drug trafficking. We affirm.
 
 I.
 
 2
 On May 1, 1989, police officers, as part of an ongoing investigation, observed Gary Patrick, an informant, purchase cocaine from Donald Ganaway. The police saw Ganaway pull his car up next to Patrick's car. Patrick testified that as Ganaway pulled his car up next to his, he saw Ganaway bend over "like he was picking something up from the floor or underneath the seat." Ganaway then threw a bag of cocaine into Patrick's car in exchange for the agreed upon cash and drove away.
 
 
 3
 The surveillance officers blocked Ganaway's path as he attempted to leave the park where the drug transaction occurred. One of the officers testified that as he approached Ganaway's car he observed Ganaway bent over inside the vehicle either placing an object under the seat or trying to retrieve an object from under the seat of his car. The officers arrested Ganaway. A search of Ganaway's car revealed a .357 magnum loaded with bullets that mushroom on impact. The officers found the gun under the driver's seat of Ganaway's car. At trial, Patrick testified that the gun seized from Ganaway's car was similar to the gun he saw slide out from the arm of the chair Ganaway sat on during their drug buy discussion at Ganaway's house.[2] One of the arresting officers testified that after being advised of his rights, Ganaway stated that he did not know why he tried to hide the gun because the officers would have found it in the search.
 
 
 4
 At trial, Ganaway testified that the .357 magnum belonged to his friend Mickey Dorsett. He further testified that he first realized the gun's presence in his car when he tried to hide the drug buy money as the police approached him. He testified that he found the gun under the passenger seat and pushed it under the driver seat. Mickey Dorsett testified that the gun belonged to him and that he carried it for protection after he received a severe beating. He stated that prior to the day that Patrick saw the gun, he had left it at Ganaway's house on a couch and on April 28 or 29 he borrowed Ganaway's car and left the gun between the console and the seat.
 
 
 5
 In finding that the government presented sufficient evidence to support a guilty verdict, the district court resolved the conflicting testimony concerning the owner of the gun in favor of the government. The district court noted that even if the gun belonged to Dorsett, Ganaway knowingly possessed the gun on the day of the drug transaction in order to assist him in the drug sale.
 
 II.
 
 6
 Ganaway challenges his conviction on the ground that the government failed to produce sufficient evidence that he used and carried the .357 Magnum in relation to the cocaine transaction. Ganaway does not contend that there was insufficient evidence to support a finding that he used or carried the gun under Sec. 924(c). Indeed, in his reply brief, Ganaway conceded that the government proved "albeit with minimal evidence" that he used or carried the weapon under Sec. 924(c). Thus, his argument focuses solely on the requirement that the government prove beyond a reasonable doubt that he used or carried the firearm "in relation" to the charged drug-trafficking offense.
 
 III.
 
 7
 When determining whether sufficient evidence exists to support a conviction, we view the evidence and all reasonable inferences in the light most favorable to the government. United States v. Garrett, 903 F.2d 1105, 1109 (7th Cir.), cert. denied, 111 S.Ct. 272 (1990); United States v. Ocampo, 890 F.2d 1363, 1370 (7th Cir.1989). Additionally, we must uphold the verdict unless we find that no reasonable fact-finder could have found the essential elements of the crime beyond a reasonable doubt. Garrett, 903 F.2d at 1109; Ocampo, 890 F.2d at 1370.
 
 
 8
 By adding the "in relation" to language of Sec. 924(c) in 1984, Congress intended to clarify a condition already implicit in the statute, "namely that a person could not be prosecuted for inadvertently carrying a firearm in an unrelated crime." Ocampo, 890 F.2d at 1371. This condition advances Sec. 924(c)'s general purpose to impose harsher sanctions when firearms assist or have the potential to assist the commission of a drug crime. United States v. Stewart, 779 F.2d 538, 540 (9th Cir.1985), cert. denied, 484 U.S. 867 (1987). As then Judge, now Justice Kennedy, stated in Stewart:
 
 
 9
 If the firearm is within the possession or control of a person who commits an underlying crime as defined by the statute, and the circumstances show that the firearm facilitated or had a role in the crime, such as emboldening an actor who had the opportunity or ability to display the weapon to protect himself or intimidate others, whether or not such display or discharge in fact occurred, then there is a violation of the statute.
 
 
 10
 Id. at 540.
 
 
 11
 Ganaway recognizes that the weapon need not be displayed or discharged, but contends that in cases involving small quantities of drugs, such as here (14 grams of cocaine), something more than the mere presence and location of the weapon must be shown to establish that the defendant used or carried the gun in relation to the predicate drug crime. Ganaway argues that because the government presented no evidence other than that the gun was located under the car seat and because this case involved a small amount of drugs, the district court could not reasonably infer from these facts that he carried or used the gun in relation to the drug offense.
 
 
 12
 We disagree. This is not a case involving the mere presence of a weapon. Cf. United States v. Malin, 908 F.2d 163, 168 (7th Cir.), cert. denied, 111 S.Ct. 534 (1990) (even though the weapons were not found on the defendant's person or within his reach, because the case involved a large number of weapons and a large amount of drugs, the jury could reasonably infer that the weapons were used in relation to the underlying drug crime). In addition to the loaded .357 Magnum found under Ganaway's car seat, the government produced other evidence sufficient to support the inference that Ganaway used the gun in relation to the sale of cocaine. Patrick testified that when he first met with Ganaway to discuss the cocaine transaction, a .357 Magnum slid out from under the chair on which Ganaway was seated. He further testified that he observed Ganaway bend down as if he were trying to hide or get something from under the car seat just before Ganaway threw the bag of cocaine into Patrick's car. Additionally, a surveillance police officer testified that while attempting to pull Ganaway over he saw Ganaway bend down as if to retrieve something from under the front seat of the car.
 
 
 13
 The district court was entitled to reject as not credible the defense theory that Ganaway first noticed the gun when the police stopped him. The facts of this case are sufficient to support the inference that Ganaway used or carried the loaded .357 magnum in relation to the cocaine transaction. See Garrett, 903 F.2d at 1111 (Sec. 924(c) conviction upheld when the government's evidence established that the police caught the defendant as he tried to unlock the door of a car, with his own keys, which contained a bag of cocaine and a weapon under the driver's seat).
 
 IV.
 
 14
 For the foregoing reasons, Ganaway's conviction is AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs
 
 
 [1]
 Section 924(c)(1) provides in pertinent part that "[w]hoever, during and in relation to any crime of violence or drug trafficking crime ... uses or carries a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime, be sentenced to imprisonment for five years."
 
 
 [2]
 Patrick testified that when he asked Ganaway if the gun was a .357 magnum, Ganaway said that it was his toy and he would rather have an automatic. One of the officers monitoring the conversation testified that he heard Ganaway respond that the gun was his toy and that he would rather have an automatic. Ganaway testified that when Patrick asked him about the gun he responded "No, it's a toy" intending to be sarcastic